Per Curiam.

The defendant states in his book, that the balance in his hands, after paying the bills of exchange, is to be carried to the credit of the owners of the brig Sarah Maria. This was not done in fact ; that is, no new account was opened with the brig; but we consider the entry as evidence of an appropriation of the balance to the joint interest of the two owners. Whether the defendant had a right to apply it to his own part of the joint debt, is questionable.[1] We rather think he should be considered as agent or trustee of the other joint owner for his moiety.
It is objected that the property being shipped for the payment of the bills only, Atkins had a right to withdraw the surplus. It may be sufficient to say that Atkins has not called for it, and it is to be presumed he intended it should be applied to the joint debt; but further, if he had demanded it, tie defendant would have had a right to retain it against him.
*333 The defendant objects to the allowance of interest; but it being evident that an interest account was kept between the parties, we think the verdict was right in this particular.

 See Chitty on Contr. (4th Am. ed.) 582 to 585, and cases cited; Bar-ett v Lewis, 2 Pick. (2d ed.) 125, note 1, and cases there cited ; 10 Connect. R. 175, Post Master v. Norvell, Gilpin, 125.